MARTINDALE BRIGHTWOOD CDC, by Patricia DeWalt, as Executive Director and Director, and Mark Bryant, in his capacity as a Director of the Board of Directors, Appellants–Plaintiffs,

v.

Elizabeth GORE, Patricia Ladd, Dr. Lora Vann, Rev. Debra Grady, Mattie Holliday, Clement Bello, Richard Reynolds, and Val Tate, as Board of Directors of MBCDC, Appellees–Defendants.

No. 49A05–0702–CV–118.

Court of Appeals of Indiana.

Jan. 15, 2008.

Patrick Chavis IV, Cherry Cox, Chavis & Chavis, Indianapolis, IN, Attorneys for Appellants.

Steven T. Fulk, Esq., Fulk & Associates, Indianapolis, IN, Attorney for Appellees.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Patricia DeWalt and Mark Bryant appeal the dismissal of their complaint against Elizabeth Gore, Patricia Ladd, Dr. Lora Vann, Debra Grady, Mattie Holliday,

Clement Bello, Richard Reynolds, and Val Tate (collectively, the "Board Members")—board members of the Martindale Brightwood Community Development Corporation ("MBCDC").

We affirm in part, reverse in part and remand.

## ISSUE[1]

Whether DeWalt and Bryant lack standing to bring their action.

## FACTS

The relevant facts alleged in the complaint follow. MBCDC is a not-for-profit corporation organized under the Indiana Nonprofit Corporation Act of 1991 (the "Act"), which is codified at Indiana Code section 23–17–1–1, *et seq.* In accordance with its Articles of Incorporation (the "Articles"), MBCDC is charged with "undertak[ing] housing and economic development activities" in the Martindale–Brightwood community of Indianapolis. (App.78).

According to MBCDC's by-laws, the "Board of Directors shall constitute the Supreme Authority of" MBCDC. (App.54). As such, the Board of Directors shall "[a]ppoint and define duties for an Executive Director...." (App.54). Section 4.07 of Article IV of the by-laws provides that "[t]he Executive Director shall be selected by the Board of Directors and shall be the Chief Executive Officer of [MBCDC]." (App.60).

On March 21, 2005, DeWalt and MBCDC entered into an employment agreement, retroactive to January 3, 2005. Pursuant to the employment agreement, MBCDC hired DeWalt as MBCDC's Executive Director for a term of two years, to be renewed upon agreement by the parties "unless otherwise terminated as provided" within the employment agreement. (App.90). The employment agreement specified that "MBCDC shall have the right to direct and control [DeWalt] in connection with her duties and responsibilities, which duties may be modified from time to time at the discretion of MBCDC." *Id.* Further, the employment agreement directed that DeWalt, as Executive Director, "shall have charge of the overall management and direction of, and shall be responsible directly to the Board of Directors for, all MBCDC affairs." (App.95).

Bryant was a director on MBCDC's board of directors. In November of 2005, however, Bryant was allegedly removed from the board of directors.

On December 5, 2005, DeWalt and Bryant, in their capacities as Executive Director and Director, respectively, filed a complaint for declaratory judgment, preliminary injunction and permanent injunction against the Board Members. In their complaint, DeWalt and Bryant alleged the following: 1) breach of contract; 2) intentional interference with contract; 3) misfeasance; 4) breach of fiduciary duty; and 5) breach of the standard of care for directors. DeWalt and Bryant sought both injunctive and declaratory relief.

The Board Members filed a motion for sanctions and a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6) for failure to name the real party in interest under Trial Rule 17(A). The Board Members asserted that DeWalt and Bryant lacked standing

---

1. DeWalt and Bryant also assert that sanctions pursuant to Trial Rule 11 are inappropriate. In this case, the trial court ordered the Board Members to submit affidavits of the fees, costs and expenses incurred "in advance of [the] hearing on the applicability of sanc-tions...." It does not appear, however, that the trial court actually ordered sanctions against DeWalt and Bryant. (App.19). Thus, we do not address DeWalt and Bryant's claim that the trial court inappropriately ordered sanctions.

to pursue their action "because neither is authorized by statute or contract to file suit[.]" (App.98). Specifically, the Board Members argued that DeWalt, as "a paid employee of the MBCDC (and not an elected director)," and Bryant, as a "*former* board member who was removed from the Board in November 2005," lacked standing to sue the Board Members in MBCDC's name. (App.97). DeWalt and Bryant filed a response on February 13, 2006.

The trial court held a hearing on the Board Members' motion to dismiss on December 20, 2006. On January 23, 2007, the trial court entered its order, finding that neither the Articles nor MBCDC's bylaws granted DeWalt, as MBCDC's current Executive Director, or Bryant, "as a former director," the authority to file suit against the Board Members. (App.16). The trial court also found that DeWalt and Bryant could not properly assert a derivative action against the Board Members since DeWalt and Bryant were neither shareholders nor members of MBCDC. Determining that DeWalt and Bryant lacked standing, either individually or in the name of MBCDC, to sue the Board Members because they were not authorized by statute or contract to do so, the trial court dismissed the complaint.

Additional facts will be provided as necessary.

## DECISION

A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. Thus, while

we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred.

A court should "accept[ ] as true the facts alleged in the complaint," and should not only "consider the pleadings in the light most favorable to the plaintiff," but also "draw every reasonable inference in favor of [the non-moving] party." However, a court need not accept as true "allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading."

*Trail v. Boys and Girls Clubs of Northwest Indiana*, 845 N.E.2d 130, 134 (Ind. 2006) (citations omitted).

We review a trial court's dismissal for lack of standing de novo. *State ex rel. Steinke v. Coriden*, 831 N.E.2d 751, 754 (Ind.Ct.App.2005), *trans. denied.* Whether DeWalt and Bryant have standing is a question of law, which "does not require deference to the trial court's determination." *Id.*

DeWalt and Bryant assert that the trial court erred in finding that they lacked standing to pursue the action against the Board Members. Specifically, DeWalt and Bryant contend that the trial court erred in finding that they were not directors of MBCDC, and therefore, unauthorized by contract or statute to pursue a claim against the Board Members.[2]

Indiana Trial Rule 17(A)(1) provides, in pertinent part, as follows:

**2.** We note that DeWalt and Bryant do not raise on appeal the trial court's finding that they are not members of MBCDC for purposes of Trial Rule 23.1, which addresses derivative actions brought by members. Thus, DeWalt and Bryant have waived this issue for appeal.

a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought, but stating his relationship and the capacity in which he sues.

■ Indiana Code section 23–17–4–4(b) provides: "A corporation's power to act may be challenged in a proceeding against the corporation for a declaratory judgment or to enjoin an act where a third party has not acquired rights. The proceeding may be brought by the attorney general *or a director.*" (Emphasis added). Thus, a director of a nonprofit corporation is explicitly authorized by statute to bring an action to enjoin a corporate act or to seek declaratory judgment. The Act defines a "director" as "an individual designated in articles of incorporation or bylaws, elected by the incorporators *or otherwise elected or appointed, to act as a member of a board of directors.*" I.C. § 23–17–2–9 (emphasis added).

### 1. *DeWalt*

■ DeWalt argues that pursuant to Section 4.07 of MBCDC's by-laws, she was a non-voting member of the Board of Directors of the MBCDC, and therefore, a director as defined by Indiana Code section 23–17–2–9. DeWalt and Bryant's Br. at 6. We disagree.

Section 3.01 of Article III of MBCDC's by-laws sets forth the duties of MBCDC's board of directors. Those duties include appointing and defining the duties of an Executive Director.

As to the Executive Director's duties, Section 4.07 of Article IV provides, in part, as follows:

> The Executive Director shall have the general powers and duties of management usually vested in the office of the Executive Director of a corporation and shall have such other powers and duties not inconsistent with these By-laws as may be assigned to the Executive Director from time to time by the Board of Directors, including:
>
> (i) the duty to attend all meeting[s] of the Board of Directors *and the Executive Committee as a non-voting member*
>
> (ii) the duty to participate as a *non-voting member* of all committees[.]

(App.60) (emphasis added).

Again, Indiana Code section 23–17–2–9 provides that a director is a person who is "designated in articles of incorporation or bylaws, elected by the incorporators or otherwise elected or appointed, to act as a member of a board of directors." Section 4.07 of Article IV merely directs the Executive Director to attend meetings of the Board of Directors. It in no way designates the Executive Director as a person to act as a member of MBCDC's Board of Directors.

Rather, pursuant to the employment agreement between DeWalt and MBCDC, DeWalt, as Executive Director, was required to "report to the Board of Directors, ... advise the Board of Directors," and "see that all orders and resolutions of the Board of Directors [were] carried into effect." (App.60). Thus, DeWalt clearly was an employee of MBCDC and not a director as she argues.

Furthermore, although Indiana Code section 23–17–2–9 allows that a director may be "elected or appointed," Indiana Code section 23–17–3–8(b) provides that "[t]he bylaws of a corporation may contain any provision for regulating and managing the affairs of the corporation that is not inconsistent with any law or the articles of incorporation."

MBCDC's Articles state that "[t]he directors *shall be elected*, removed, and hold office as provided in the Bylaws of the Corporation." (App.82) (emphasis added). Section 3.04 of Article III of MBCDC's by-laws specifically states that "[m]embers of the Board of Directors of [MBCDC] *shall be elected* at an Annual Meeting and/or a duly called Meeting of the Board of Directors. Directors *shall be elected* by a majority vote." (App.56) (emphasis added).

DeWalt was not elected to the Board of Directors; she was appointed and hired by the Board of Directors to serve as MBCDC's Executive Director. As such, DeWalt does not meet the requirements for a director.

Viewing the allegations on the face of the complaint and drawing all reasonable inferences in favor of DeWalt, we cannot conclude that she has established standing to pursue her claim against the Board Members. Thus, we find that the trial court properly dismissed the complaint as to DeWalt.

2. *Bryant*

■■■ Bryant asserts the trial court erred in granting the Board Members' motion to dismiss. Specifically, Bryant contends the trial court erred in finding that he was not a director of MBCDC, and therefore, unauthorized by contract or statute to pursue a claim against the Board Members.

Here, the complaint alleges the following:

31. On [or] around November 17, 2005, Gore, Ladd and Vann led an effort to remove Bryant from the Board under an allegation of breach of duty in assisting DeWalt with a hiring issue. The issue was not properly brought before the Board and the Bylaw provisions, Article III, Section 3.08 and Article IV, Section 4.11, relating to Board removal were not

followed. Bryant's removal is ineffectual.

\* \* \*

42. Defendants Gore, Ladd and/or Vann, individually and collectively, violated or caused to be violated Bylaws Article III, Section 3.08 by attempting to improperly remove Plaintiff Bryant from the Board.

(App.29, 31). The complaint sought a "declaration that the attempt to remove Mark Bryant from the [board of directors] at the November 17, 2005, meeting was improper and not in compliance with the Bylaws of the MBCDC and is therefore invalid." (App.43).

MBCDC's Articles provide that "[t]he directors shall be elected, removed, and hold office as provided in the Bylaws of the Corporation." (App.82). Pursuant to MBCDC's by-laws, directors serve two-year terms but—as delineated in Section 3.08 of Article III—may be removed under the following conditions:

(a) Board of Directors—The Board of Directors may, by affirmative vote of an absolute majority of its properly filled board positions, remove any Director for absenteeism. "Absolute Majority" means a majority of all board positions properly filled and not merely a majority of those board members present at the meeting. Any Director may be removed for three (3) consecutive absences from duly held meetings of the Board. Proper notice (Section 2.01) specifying the proposed removal shall be given prior to any meeting of the Board of Directors at which such removal shall be considered.

(b) Automatic Removal—Any Community Resident Director unable to continue to satisfy the residency requirement of Section 3.01 above shall be automatically

removed. The Board of Directors may appoint a Director who satisfies the above to a non-residents' seat on the Board of Directors if the terms specified in Sections 2.02 and Section 3.03 are met.

(c) Disciplinary Action—Any Director who violates the Conflict of Interest statement (Section 3.02), breaches confidentiality, and/or engages in actions determined to be detrimental to the Corporation may be subject to disciplinary action, beginning with a written reprimand and followed by (but not limited to) removal for cause if the situation is not rectified.

(App.57). Furthermore, Section 4.11 of the by-laws provides:

Regarding the removal of directors, Indiana Code section 23–17–12–10 provides:

If at the beginning of a director's term on the board of directors articles of incorporation or bylaws provide that the director may be removed for reasons set forth in the articles of incorporation or bylaws, the board of directors may remove the director for the reasons. The director may be removed only if a majority of the directors then in office votes for the removal.

As noted above, in ruling on a motion to dismiss, "[a] court should 'accept[ ] as true the facts alleged in the complaint,' and should not only 'consider the pleadings in the light most favorable to the plaintiff,' but also 'draw every reasonable inference in favor of [the non-moving] party.'" *Trail*, 845 N.E.2d at 134. Accordingly, we accept as true the set of facts presented by Bryant—namely, that his removal from the Board of Directors was improper and therefore void.

Because Bryant has alleged circumstances under which he would have standing to bring a proceeding pursuant to Indiana Code section 23–17–4–4(b), the Board Members are not entitled to a dismissal under Trial Rule 12(B)(6). We therefore find the trial court erred in dismissing the claims brought by Bryant for lack of standing.

Affirmed in part, reversed in part and remanded.

MAY, J., and CRONE, J., concur.